

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

January 23, 1976

The Honorable Robert C. Flowers          Opinion No. H-770
Executive Director
Criminal Justice Division                Re:  Propriety of the
Office of the Governor                   funding of certain dicta-
411 West 13th Street                     ting, recording, transcrib-
Austin, Texas  78701                     ing and amplifying equipment
                                         by the Criminal Justice
                                         Council.

Dear Mr. Flowers:

     You have asked our opinion concerning a provision of
the General Appropriations Act, Acts 1975, 64th Leg., ch.
743, p. 2417, as it applies to the operations of the Criminal
Justice Division.  Your office approves grants made to Texas
law enforcement agencies from federal funds awarded under
the provisions of the Omnibus Crime Control and Safe Streets
Act of 1968, as amended, 42 U.S.C. § 3701 et.seq.  These
federal funds are appropriated to your office.

     Article V, Section 45 of the General Appropriations Act
provides:

>          None of the funds herein appropriated
>     may be used for the purchase, rental
>     or contractual agreement for any type
>     of electronic, mechanical or other
>     interception devices used for the
>     purpose of overhearing or recording
>     oral conversation made in private or
>     conversation made by wire.

     In reference to this provision, you ask:

1.  May the Criminal Justice Division, under Article V, Section 45, fund dictating, transcribing or recording systems, including multitrack recording systems that are to be used in the normal, routine operation of law enforcement and criminal justice agencies?

2.  May the Criminal Justice Division, under Article V, Section 45, fund police/citizen contact monitoring and recording devices, portable tape recorders designed and capable of concealment on the body, portable microphones and transmitters designed for concealment on the body, attache cases with recorders, transmitters and amplifiers, and similar equipment which is designed for concealment on or with the body, all of which has as its primary design and use for consensual operations under 18 U.S.C.A., Section 2511(2)(c)?

3.  May the Criminal Justice Division, under Article V, Section 45, fund directional, parabolic or 'shotgun' microphones, room transmitters of sundry descriptions, telephone adapters, couplers, transmitters and induction coils and similar equipment to be used only in a consensual manner but which may have as its primary design and use in a nonconsenting situation?

The appropriation act provision is ambiguous.  Your questions demonstrate that it is not clear whether it prohibits funding of the most innocuous devices, such as ordinary tape recorders or telephone answering devices, which might be used to record any conversation made by wire.

The intention of the Legislature in enacting this provision may be ascertained by consideration of the circumstances of its enactment and the federal law from which it is apparently derived.

This type of prohibition first appeared in the Appropriation Act enacted in 1969 (See Acts 1969, 61st Leg., 2d C.S., art. V, § 50 at 1033) shortly after the 1968 enactment of the federal act prohibiting wiretapping and electronic surveillance except in strictly limited circumstances. Title III of the Omnibus Crime Control and Safe Streets Act of 1968 added chapter 119 to title 18 of the United States Code. 18 U.S.C. §§ 2510-2520.

Inspection of these sections demonstrates that the language of the Texas appropriation act provision is clearly derived from the federal act. Accordingly, the federal act may be consulted to assist in determining the meaning of the Texas provision as to what types of interception devices are prohibited from being funded.

The federal law is designed to restrict the interception of private communications whether made orally or by wire. We believe the intent of the Texas provision is the same. Despite the awkward placement of the phrase "conversation made by wire," we believe that the modifying phrase "made in private" is intended to refer to wire conversation as well as oral.

We believe that the reference to "conversations made in private" means those communications made with a justifiable expectation of privacy.

The federal act at 18 U.S.C. § 2510 defines "oral communication" as follows:

> (2) "oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation. . . .

The Senate Report explains that this definition was intended to reflect existing law, citing Katz v. United States, 389 U.S. 347 (1967). Senate Rpt. No. 1097, April 29, 1968, 1968 U.S. Code Cong. and Admin. News pp. 2112, 2178.

It is clear under the federal act and the cases interpreting it that the interception of oral or wire communications is not prohibited when a party to the communication consents to the interception. 18 U.S.C. § 2511(2)(c) provides:

> (c)  It shall not be unlawful under
> this chapter for a person acting under
> color of law to intercept a wire or
> oral communication, where such person
> is a party to the communication or one
> of the parties to the communication has
> given prior consent to such intercep-
> tion.

The rationale of this provision was explained in United States v. White, 401 U.S. 745, 752 (1971), as follows:

> [T]he law permits the frustration of
> actual expectations of privacy by
> permitting authorities to use the
> testimony of those associates who for
> one reason or another have determined
> to turn to the police, as well as by
> authorizing the use of informants
> in the manner exemplified by Hoffa
> and Lewis.  If the law gives no
> protection to the wrongdoer whose
> trusted accomplice is or becomes
> a police agent, neither should it
> protect him when that same agent
> has recorded or transmitted the
> conversations which are later offered
> in evidence to prove the State's case.

The Court concluded in White that the recording and transmitting of conversations by a consenting police agent "do not invade [a] defendant's constitutional expectations of privacy. . . ."

The federal law makes non-consensual wiretapping or eavesdropping by state or local officials illegal unless the state enacts a statute which meets federal standards, including high prosecutorial official initiation of the application and judicial approval of the action. 18 U.S.C. § 2516(2). Texas does not have such an authorizing statute.

It would seem that the Texas appropriation act prohibition is designed to prohibit funding of devices which are likely to be used illegally, as by tapping conversations made in private.

Thus, we believe that the type of conversations referred to in the appropriation act provision are only those to which neither party has consented to the overhearing or recording.

The provision in question refers to "interception devices used for the purpose of overhearing or recording. . . ." This is ambiguous, because the prohibition against funding is prospective, but there is no standard such as "intended to be used" or "designed to be used" or "which can be used," or some combination or variation of these.

The federal law defines "electronic, mechanical, or other device" broadly as follows:

> (5) 'electronic, mechanical, or other device' means any device or apparatus which can be used to intercept a wire or oral communication other than --
>
> (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its

> business; or (ii) being used by a
> communications common carrier in the
> ordinary course of its business, or
> by an investigative or law enforce-
> ment officer in the ordinary course
> of his duties. 18 U.S.C. § 2510.
> (Emphasis added).

While the "which can be used to intercept" standard used here is arguably the appropriate one to be applied, we do not believe that the Texas Legislature intended to prohibit the funding of devices primarily designed for lawful use merely because of the possibility of their illegal use.

The federal law generally prohibits the manufacture, distribution, possession, and advertising of "any electronic, mechanical, or other device" the design of which "renders it primarily useful for the purpose of the surreptitious inter-ception of wire or oral communications." 18 U.S.C. § 2512(1).

This "primary design" standard seems to us to be the most reasonable one by which to gauge devices under the appropriation act provision. It is similar to the standard used in Texas Penal Code section 16.01, which defined criminal instrument as anything "specially designed, made or adapted for use in the commission of an offense."

In light of these provisions, we believe that the Texas appropriation act prohibition was intended to apply to "electronic, mechanical, or other interception devices" which are either (1) intended to be used or (2) primarily designed to be used "for the purpose of overhearing or recording [wire or] oral conversation made in private [i.e., without the consent of any party thereto]."

So interpreted, we consider your questions in regard to the application of this provision to types or categories of equipment mentioned.

In response to your first question, in our opinion, you may fund dictating, transcribing, telephone answering or recording systems, (including multi-track recording systems used to record incoming calls made to law enforcement agencies) used in the normal, routine and lawful operation of law enforcment and criminal justice agencies. Such equipment is neither intended nor primarily designed to be used to overhear or record private conversation.

Your second question pertains to portable transmitting and recording devices intended and primarily designed for use on or about the person. The conversations recorded by such devices, when used as intended and designed, would not be "private" as we have interpreted that term since a party thereto would have consented to the interception, and thus we believe that you may fund such equipment for this purpose.

Your third question lists several types of equipment, and we believe it is necessary for the Criminal Justice Division to decide in each instance whether the particular device is either primarily designed or intended to be used for the purpose of overhearing or recording conversations made in private. You describe these specific devices as being primarily designed for that purpose. If that is the case, it is our opinion that the appropriation act provision prohibits the funding of such devices, even though not intended to be used for the primary purpose for which they are designed.

### S U M M A R Y

Section 45 of Article V of the General Appropriations Act prohibits appropriated monies from being used to fund electronic, mechanical, or other interception devices which are either (1) intended to be used or (2) primarily designed to be used for the purpose of overhearing or recording wire or oral conversations made without the consent of any party thereto.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb